UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| TREASURE VALLEY FACTORS, LLC, | Case No. 1:18-cv-00372-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| JARED GATHRIGHT, BRITTNEY W. GATHRIGHT, XPRESS PRESERVATION, and XPRESS PRESERVATION, LLC, | |
| Defendants. | |

# I. INTRODUCTION

Pending before the Court is Defendant Jared Gathright's Motion for Reconsideration. Dkt. 38. Based on the following, the Court finds good cause to DENY the motion.

# II. BACKGROUND

Plaintiff Treasure Valley Factors ("TVF") engages in the factoring of invoices for business clients throughout the country. Defendants Jared Gathright, Brittney Gathright, Xpress Preservation, and Xpress Preservation, LLC (collectively "Defendants") were clients of TVF. On August 23, 2018, TVF filed the instant suit claiming that, between December 2016 and June 2017, Defendants fraudulently induced TVF to factor invoices for work Defendants did not perform, and to factor invoices that were known by

Defendants to be offset by debtor damages incurred by Jared and Brittney Gathright.[1]

Defendant Jared Gathright appeared pro se and answered TVF's Complaint on September 25, 2018. Dkt. 11. The remaining defendants failed to respond to the Complaint, and Clerk's Entry of Default was entered against them on October 17, 2018. Dkt. 12. Following a telephonic scheduling conference with TVF and Mr. Gathright on January 7, 2019, the Court entered a Scheduling Order setting the case on an expedited track and requiring all fact discovery to be completed by March 29, 2019. Dkt. 22. TVF served Mr. Gathright with its interrogatories, requests for admission, and requests for the production of documents on February 8, 2019. Mr. Gathright failed to respond within thirty days, and also failed to respond by the March 29, 2019, deadline for completion of factual discovery.

On April 8, 2019, after several unsuccessful informal attempts to secure discovery responses from Mr. Gathright, TVF filed a motion seeking sanctions pursuant to Federal Rule of Civil Procedure 27. Dkt. 26 (hereinafter "First Motion for Sanctions"). Among other things, TVF sought entry of a default judgment against Mr. Gathright as a sanction for his willful failure to comply with discovery requests. Mr. Gathright did not respond to TVF's First Motion for Sanctions.

On May 20, 2019, the Court ordered Mr. Gathright to respond to TVF's discovery requests within thirty days. Dkt. 30. Although it determined TVF was entitled to sanctions for Mr. Gathright's total failure to respond to discovery, or to offer any justification for

---

[1] Defendant Jared Gathright appeared pro se and answered TVF's Complaint on September 25, 2018. Dkt. 11. Although Mr. Gathright subsequently sought permission to appear on behalf of his company, Xpress Preservation, LLC, the request was denied pursuant to Local Rule 83.4(d) because Mr. Gathright is not an attorney. Dkt. 16. With the exception of Mr. Gathright, none of the remaining defendants have ever appeared or responded to the Complaint.

such failure, the Court held less severe sanctions were more appropriate than entry of default. *Id*. at 6. The Court accordingly deemed TVF's requests for admission admitted but gave Mr. Gathright an additional thirty days to respond to TVF's interrogatories and document requests. However, the Court warned Mr. Gathright that failure to respond could result in entry of default against him without further notice. *Id*.

On June 19, 2019, Mr. Gathright responded to TVF's interrogatories, but did not provide a single document in response to TVF's requests for the production of documents. Dkt. 34, at 3. Mr. Gathright also affirmatively stated, "I will NOT for any reason [or] under any [court] order provide detailed information about my clients and business partners to anyone associated with [TVF]" and "[due] to the past actions of [TVF] I'm not providing the requested information." Dkt. 34-1, at 4-5. TVF subsequently filed another motion for sanctions (hereinafter "Second Motion for Sanctions"), again requesting that the Court enter a default judgment against Mr. Gathright. Dkt. 34. Like the first motion, Mr. Gathright failed to respond to the Second Motion for Sanctions.

On July 18, 2019, the Court held a default judgment hearing on the amount of TVF's damages against Brittney Gathright, Xpress Preservation, and Xpress Preservation, LLC. Dkt. 33. Although he had previously informed the Court that Xpress Preservation, LLC is his company (Dkt. 13, at 1), Mr. Gathright did not attend the default judgment hearing. On July 25, 2019, the Court entered default judgment against Brittney Gathright, Xpress Preservation, and Xpress Preservation, LLC in the sum of $76,148.65 for TVF's damages. Dkt. 35.

On August 28, 2019, the Court awarded TVF sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), finding case-dispositive sanctions appropriate under the five-factor test articulated by the Ninth Circuit in *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Dkt. 36, at 4-6. The Court subsequently entered a default judgment against Mr. Gathright in the sum of $76,148.65. Dkt. 37. To date, TVF has not recovered its judgment of $76,148.65 from either Mr. Gathright or the other defendants. Dkt. 39, at 2. On October 11, 2019, Mr. Gathright filed the instant Motion for Reconsideration. Dkt. 38.

### III. Legal Standard

"Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Id*. (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Accordingly, a district court should only grant a motion for reconsideration if (1) it "is presented with newly discovered evidence," (2) it "committed clear error," or (3) "there is an intervening change in the controlling law." *Id*. (citation omitted). "A Rule 59(e) motion may not be used to raise arguments or present

evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## IV. ANALYSIS

Mr. Gathright's Motion for Reconsideration does not allege newly discovered evidence, any Court error, or an intervening change in controlling law. *See Carroll*, 342 F.3d at 945. Nor does Mr. Gathright present any evidence that could not have been raised earlier in this litigation. Instead, Mr. Gathright asks the Court to reconsider its entry of default judgment as a sanction for his failure to respond to TVF's discovery requests, claiming TVF's attorney "has lied to the court in an attempt to set in motion a calculated unconscionable scheme to interfere with the Administration of Justice." Dkt. 38, at 1.

Mr. Gathright implies TVF's attorney lied to the Court by suggesting Mr. Gathright did not respond to TVF's discovery requests, when in fact he provided answers to TVF's Requests for Admission and Interrogatories, and also explained to TVF why he wouldn't provide any responsive documents. *Id*. Mr. Gathright attached the aforementioned discovery responses to his Motion for Reconsideration. Dkt. 38-1. However, TVF included a copy of the same responses with its Second Motion for Sanctions. Dkt. 34-1. The Court has already considered such responses and determined they were incomplete and in violation of the Court's May 20, 2019 Order compelling discovery. As such, TVF has not "lied" about Mr. Gathright's discovery responses, and instead provided the Court with a

copy of such responses.

Mr. Gathright also belatedly justifies his failure to respond to TVF's requests for documents, stating "I can't provide what I don't have," and suggesting TVF's document requests improperly requested confidential information belonging to his business clients. *Id*. Mr. Gathright could have sought a protective order from the Court to avoid disclosing confidential information but failed to do so. Mr. Gathright also failed to raise his objections to TVF's discovery requests in response to either TVF's First or Second Motions for Sanctions, failed to appear at the default judgment hearing, and has not filed anything with the Court since his October 18, 2018 Petition to Represent Xpress Preservation LLC. Although Mr. Gathright is pro se, the fact he is not represented does not excuse his dilatory conduct and failure to comply with the Court's discovery orders. *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Further, Federal Rule of Civil Procedure 26 states that, in general, any matter relevant to a claim or defense is discoverable. Pre-trial discovery is ordinarily "accorded broad and liberal treatment," because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Thus, unless "otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Mr. Gathright never formally objected to TVF's discovery requests, never moved for a protective order, and never actually designated any information as undiscoverable in a privilege log. Simply put, at no point during the

pendency of this action did Mr. Gathright notify the court—by motion or even informally by letter—that TVF's discovery requests were somehow improper. In light of such failure, Mr. Gathright's delayed objection to TVF's discovery requests is unavailing.

In sum, Mr. Gathright fails to provide any legally sufficient support for his Motion for Reconsideration, and the Motion is appropriately DENIED.

## V. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Mr. Gathright's Motion for Reconsideration (Dkt. 38) is DENIED.

DATED: February 11, 2020

David C. Nye
Chief U.S. District Court Judge